IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| COREY JOHNSON #127345 | § | |
| VS. | § | CIVIL ACTION NO. 6:24cv049 |
| GERALD JEROME SMITH, Sr. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, an inmate of the Gregg County Jail proceeding *pro se* and *in forma pauperis* (IFP), filed this lawsuit alleging violations of his constitutional rights by his criminal defense attorney. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Relevant Background and Allegations**

Plaintiff was a defendant before this Court in *United States v. Johnson*, no. 6:20cr77-1, in which he pleaded guilty on August 23, 2023. He has yet to be sentenced, and a motion to withdraw his plea is currently pending in that case.

In this case, Plaintiff sues his defense counsel for ineffective assistance in the criminal action, alleging that he is innocent of the criminal offense with which he was charged and that counsel tricked him into signing a plea agreement. He seeks repayment of his $30,000 legal fee and to withdraw his guilty plea. (Dkt. #1 at 4.)

**II. Legal Standards and Preliminary Screening**

Plaintiff is proceeding IFP. His pleading is thus subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2), which requires *sua sponte* dismissal of a complaint if the Court finds it

frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v*. *FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather,

the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

### III. Discussion and Analysis

Plaintiff's claims and requested relief directly challenge the validity of his criminal conviction and are, therefore, not cognizable in a civil action. In *Wilkinson v. Dotson,* 544 U.S. 74, 78–82 (2005), the Supreme Court reviewed *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny. It explained that, under *Heck*, "a state prisoner's section 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82. The *Dotson* Court emphasized that habeas corpus is the exclusive remedy for prisoners who "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81.

3

This *Heck* bar against collateral challenges to standing convictions applies equally to cases challenging federal convictions pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). *See Ortiz-Lopez v. Fed. Bureau of Prisons, Dir.*, 830 F. App'x 127, 133 (5th Cir. 2020) ("The magistrate judge correctly concluded that Ortiz's [Bivens] claims challenging the validity of his federal conviction were barred by *Heck* because he has not shown that his 'conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'").

Here, Plaintiff expressly challenges the process that led to his conviction and seeks to withdraw his guilty plea. His claims are thus barred by *Heck* as long as his conviction stands.

Ordinarily, dismissal of a claim as barred by *Heck* is without prejudice to a plaintiff's ability to re-file his civil claim if and when he succeeds in having his conviction overturned or invalidated through proper means. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) ("Because these dismissals do not put a defendant to the task of preparing for trial unnecessarily, or inflict other undue prejudice, they do not preclude a later claim meeting the preconditions for suit. A preferred order of dismissal would read: Plaintiffs claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.")  In this case, however, Plaintiff's claim fails for a second reason, which he cannot overcome by having his conviction set aside: the Defendant is not subject to suit under either *Bivens* or 42 U.S.C. § 1983.

To state a civil rights claim under Section 1983, a plaintiff must allege facts showing that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). The requirement to show the defendant violated his rights while acting under

color of state law means the defendant must be a state actor. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). A private person, including a defense attorney, is not a state actor under 42 U.S.C. § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.") Even appointed counsel who are paid by the government for representing their clients are not state actors for Section 1983's purposes. *Id*. at 321.

Likewise, a *Bivens* action provides a remedy for victims of alleged constitutional violations by federal government officials in their individual capacities. *See Cronn v. Buffington*, 150 F.3d 538, 540 (5th Cir. 1998); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). A criminal defense attorney is not a federal government official, so "claims against private and appointed federal defense counsel 'are simply not cognizable in [a] *Bivens* action.'" *Mann v. DNA Analyst*, No. CV 22-1294, 2023 WL 2195770, at *13 (E.D. La. Feb. 1, 2023), *report and recommendation adopted*, No. CV 22-1294, 2023 WL 2185707 (E.D. La. Feb. 23, 2023) (quoting *Solesbee v. Nation*, No. 06-CV-0333, 2008 WL 244343, at *10 (N.D. Tex. Jan. 29, 2008)). Defense counsel is thus "not subject to suit under § 1983 or *Bivens*." *McLeod v. Knowles*, 189 F. App'x 297 (5th Cir. 2006). In fact, this Court has previously informed Plaintiff of this law in another suit he filed against a different attorney. Report and Recommendation at 5, *Johnson v. Bass*, No. 6:23-445 (E.D. Tex. Oct. 23, 2023) ("As appointed counsel, Bass is not subject to suit under Bivens because he is not an official of the federal government.").

**IV. Conclusion**

For the reasons set forth above, Plaintiff's claims against his former counsel fail to state a claim for which relief can be granted and would not be viable even if he could satisfy the *Heck* conditions.

RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's suit be dismissed with prejudice for failure to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 13th day of May, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE